IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| BRUCE A. SMILEY #378381, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | NO. 3:23-cv-00649 |
| CANDACE WHISMAN, | ) ) ) | JUDGE RICHARDSON |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Bruce Smiley filed this pro se civil rights case under 42 U.S.C. § 1983 against a state official in his or her official capacity—namely, the Director of Sentence Management Services for the Tennessee Department of Correction.[1] (Doc. No. 1 at 1, 4.) Plaintiff also paid the filing fee. (Doc. No. 3.) The Complaint is before the Court for initial review, as required by the Prison Litigation Reform Act. And as explained below, this case will be referred to the Magistrate Judge for further development.

**I.  Initial Review**

The Court must liberally construe the Complaint and conduct a preliminary review to dismiss any part that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This case is unique, however, in that it is

---

[1] Plaintiff named Candace Whisman as the individual in this position, but he acknowledged that she may have recently retired, and reserved "the right to substitute as Defendant whomever takes over" in that position. (Doc. No. 1 at 4.) That is consistent with the applicable Federal Rule of Civil Procedure on this point. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.").

being brought by a prisoner who was severed as a plaintiff in another case that is assigned to the undersigned district judge: *Harris v. Whisman*. *See Harris*, 3:19-cv-174, Doc. No. 96 (M.D. Tenn. Oct. 27, 2022) (dropping all plaintiffs except Ricky Harris from that case, including Plaintiff herein, Bruce Smiley). And Plaintiff clearly states that he brought this case to proceed pro se with his claims that were severed from *Harris*. (Doc. No. 1 at 3 ("Plaintiff now proceeds with his claims pro se."); *id.* at 11–20 (asserting claims that mirror claims surviving preliminary review in *Harris*).)

After a preliminary screening of the original complaint in *Harris*, "the Court described the surviving claims (surviving only against Defendant Candace Whisman, in her official capacity only) as two-fold, namely (1) that Tennessee's statutes regarding life sentences and the calculation of sentencing credits are unconstitutionally vague, in violation of the Due Process Clause of the Fourteenth Amendment, and (2) that the process of the Tennessee Department of Corrections ("TDOC") for addressing prisoner recalculation requests violates the Due Process Clause (of the Fourteenth Amendment) and the Eighth Amendment (as it is incorporated into the Fourteenth Amendment)." *Harris*, 3:19-cv-174, Doc. No. 96 at 2.

Plaintiff does not allege that he is serving a life sentence. Instead, he alleges that as the result of a plea agreement entered on July 7, 2004, he is serving a 15-year sentence, to be served at 100 percent release eligibility, followed by an 8-year sentence, to be served at 30% release eligibility. (Doc. No. 1 at 5.) So the aspect of the vagueness challenge in *Harris* that pertains to Tennessee's statutes on life sentences does not apply here. Otherwise, for the reasons set out in the preliminary screening order in *Harris*, *see Harris*, 3:19-cv-174, Doc. No. 35 at 10–11, 13–14 (M.D. Tenn. Jan. 9, 2020), Plaintiff will be allowed to proceed with the same claims that were allowed to proceed in *Harris*: (1) a claim that Tennessee's statutes regarding the calculation of

sentencing credits are unconstitutionally vague, in violation of the Due Process Clause of the Fourteenth Amendment, and (2) claims that TDOC's process for addressing prisoner recalculation requests violates the Due Process Clause (of the Fourteenth Amendment) and the Eighth Amendment (as it is incorporated into the Fourteenth Amendment).

The Court has two caveats, however. First, it is worth reiterating a point made in the Court's preliminary screening order in *Harris*, namely that Section 1983 cannot be used by a prisoner to obtain "a determination that he is entitled to immediate release or a speedier release from that imprisonment." *Wershe v. Combs*, 763 F.3d 500, 504 (6th Cir. 2014) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). That is because "[c]laims that ordinarily fall within the scope of § 1983 are unavailable to prisoners if they 'necessarily imply the invalidity of [a] . . . conviction or sentence'" that has not been invalidated. *Hill v. Snyder*, 878 F.3d 193, 207 (6th Cir. 2017) (quoting *Heck v. Humphrey*, 512 U.S. 477, 478 (1994)). But "[t]he word 'necessarily'" in this statement of the law "must not be ignored," because a Section 1983 claim may be cognizable "if invalidation of a conviction or speedier release would not *automatically* flow from success on the § 1983 claim." *Id.* (citing *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974) (emphasis added)).

Second, and relatedly, allowing these claims to proceed past preliminary screening does not mean that the Court has conclusively deemed them cognizable under Section 1983. And the Court recognizes that the analysis of whether Section 1983 is a proper vehicle for a particular kind of claim or requested relief may vary depending upon the claim and upon the relief sought. That is to say, the answer to the cognizability question may not necessarily be the same for Plaintiff's first claim—his vagueness challenge to Tennessee's sentence-calculation statutes—as it is for his second claim(s)—his due process/Eighth Amendment challenge to TDOC's process for addressing prisoner recalculation requests. *See Hill*, 878 F.3d at 201, 207–11 (considering, on appeal from a

ruling on a fully briefed motion to dismiss, cognizability under Section 1983 on a claim-by-claim basis). In this case, as in other cases, Defendant will be free to respond to the Complaint however Defendant sees fit within the confines of Federal Rule of Civil Procedure 12, including by filing a motion to dismiss, which, if filed, would be addressed in the ordinary course.

**II.  Further Proceedings and Instructions to Plaintiff**

For these reasons, Plaintiff may proceed with the following official-capacity claims against TDOC's Director of Sentence Management Services: (1) a claim that Tennessee's statutes regarding the calculation of sentencing credits are unconstitutionally vague, in violation of the Due Process Clause of the Fourteenth Amendment, and (2) claims that TDOC's process for addressing prisoner recalculation requests violates the Due Process Clause (of the Fourteenth Amendment) and the Eighth Amendment (as it is incorporated into the Fourteenth Amendment).

As noted above, the Court's determination that these claims may proceed for purposes of this preliminary screening does not preclude Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

This case is **REFERRED** to the Magistrate Judge to oversee service of process, enter a scheduling order for the management of the case, dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and conduct further proceedings, if necessary, under Rule 72 of the Federal Rules of Civil Procedure and the Local Rules of Court.

It is Plaintiff's responsibility to ensure that Defendant is served with summons and the Complaint. The Clerk is **DIRECTED** to send Plaintiff one service packet (a blank summons and USM 285 form) and the Court's Information Sheet for pro se prisoners titled "Service of Process in Civil Rights Cases."[2] Plaintiff **MUST** complete this service packet and return it to the Clerk's

---

[2] Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the Court's website. *See* https://www.tnmd.uscourts.gov/representing-yourself-federal-court.

Office within **30 DAYS** of the date this Order is entered on the docket. Upon return of the completed service packet, **PROCESS SHALL ISSUE**.

Failure to return a completed service packet by the deadline could lead to dismissal of this case, but Plaintiff may request more time to comply with this Order, if necessary. Also, this case may be dismissed if Plaintiff fails to notify the Clerk's Office of any change in address.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE