IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRUCE SMILEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:23-cv-00649 |
| | ) Judge Richardson / Frensley |
| CANDACE WHISMAN, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon a Motion to Dismiss filed by Defendant Candace Whisman ("Defendant"), the Director of Sentence Management Services ("SMS") for the Tennessee Department of Correction ("TDOC"), in her official capacity. Docket No. 20. In support of that Motion, Defendant has contemporaneously filed a Memorandum of Law. Docket No. 21. Plaintiff has responded to the instant Motion. Docket No. 26.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging that the calculation of his sentence credits was unconstitutional. Docket No. 1. Plaintiff's allegations against Defendant, in their entirety, are as follows:

> Tennessee's Statutes regarding the calculation of sentence credits is [*sic*] unconstitutionally vague under the Due Process Clause of the Fourteenth Amendment, and…the process of the TDOC/SMS for addressing a prisoners [*sic*] request to review and recalculate his sentence, violates [*sic*] the Due Process Clause (of the Fourteenth Amendment) and the Eighth Amendment (as it is incorporated into the Fourteenth Amendment).

*Id.* at 1.

Plaintiff seeks the following relief:

> A finding that the relevant sentencing statutes as described herein to be [*sic*] unconstitutionally vague and therefore unenforceable; [a] finding that Plaintiff's rights pursuant to the Eighth and Fourteenth Amendments to the United States Constitution have been violated via the infliction of cruel and unusual punishment and due process violations; Order Defendant and all relevant Tennessee agents to immediately implement constitutionally sound policies and practices to timely, efficiently and accurately process sentence re-calculations; Issue an injunction ordering Defendant to re-calculate and restore Plaintiffs [*sic*] sentence reduction credits which were awarded and then removed, totaling 1,194, as well as other sentence reduction credits for which Plaintiff may be entitled; Award Plaintiff all costs, expenses and reasonable attorneys' fees as permitted by law, including under 42 U.S.C. § 1988.

*Id.* at 20-21.

Defendant filed the instant Motion and Memorandum of Law arguing that Plaintiff is no longer incarcerated, and the case should be dismissed as it is moot and therefore no longer justiciable. Docket No. 21. Defendant argues that, because the specific relief sought would not affect the legal interests of the parties, the Court lacks subject matter jurisdiction, and the case must be dismissed. *Id.*

For the reasons set forth below, the undersigned recommends that Defendant's Motion to Dismiss (Docket No. 21) be GRANTED, and that Plaintiff's claims against Defendant be DISMISSED.

## II. Law and Analysis

### A. Motions to Dismiss Under Rule 12(b)(1)

Rule 12 provides as follows:

> **(b) How to Present Defenses:** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is

required. But a party may assert the following defenses by motion:

. . .

**(1)** lack of subject matter jurisdiction.

Fed. R. Civ. P. 12(b)(1).

Motions brought under Rule 12(b)(1) present either a facial attack on the complaint or a factual attack on the court's jurisdiction. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). The type of attack dictates the proper analysis of the Motion. *Id.* "The various Rule 12 motions to dismiss on the pleadings (and the standards applicable to such motions) are often confused with each other." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

> The basic difference among the various 12(b) motions is, of course, that 12(b)(6) alone necessitates a ruling on the merits of the claim, the others deal with procedural defects. Because 12(b)(6) results in a determination on the merits at an early stage of plaintiff's case, the plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn. The decision disposing the case is then purely on the legal sufficiency of plaintiff's case: even were plaintiff to prove all its allegations he or she would be unable to prevail. In the interests of judicial economy it is not improper to dispose of the claim at that stage. If the court considers matters outside the pleadings before it in a 12(b)(6) motion, the above procedure will automatically be converted into a *Rule 56* summary judgment procedure. Here there are further safeguards for the plaintiff: in addition to having all of plaintiff's allegations taken as true, with all their favorable inferences, the trial court cannot grant a summary judgment unless there is no genuine issue of material fact.
>
> The procedure under a motion to dismiss for lack of subject matter jurisdiction is quite different. At the outset we must emphasize a crucial distinction, often overlooked between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings. [T]he facial attack does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or *Fed. R. Civ.*

> *Pro. 56*. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover the plaintiff will have the burden of proof that jurisdiction does in fact exist.

*Id.*, quoting *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F. 2d 884, 890 (3d Cir. 1977). *See also Cob Clearinghouse Corp. v. Aetna U.S. Healthcare, Inc.*, 362 F.3d 877, 881 (6th Cir. 2004), *citing Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (holding that the plaintiff bears the burden of proving that jurisdiction is proper). Further, when a district court's subject matter jurisdiction is in question on a motion to dismiss, "a trial court has wide discretion to allow affidavits and documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat. Life Ins. Co. v. United States*, 922 F. 2d 320, 325 (6th Cir. 1990).

Pro se complaints are to be construed liberally. *Dotson v. Collins*, 317 F. App'x 439, 443 (6th Cir. 2008), *citing Haines v. Kerner*, 404 U.S. 519, 520 (1972). But, "the less stringent standard for pro se plaintiffs does not compel the courts to conjure up unpleaded facts. . . ." *Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008) (internal quotation marks and citation omitted).

**B. Mootness**

A core tenet of Article III is that federal courts may adjudicate only actual, ongoing cases or controversies. *Wilson v. Gordon*, 822 F.3d 934, 941 (6th Cir. 2016). To invoke federal jurisdiction, a plaintiff must show a "personal stake" in the outcome of the action. *United States v. Sanchez-Gomez*, 138 S.Ct. 1532, 1537, 200 L. Ed. 2d 792 (2018). This requirement assures that the federal judiciary confines itself to its constitutionally-limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties

involved. *Id.* A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *L.D. v. Sumner County Schools*, 299 F. Supp. 3d 901, 905-06 (M.D. Tenn. 2018). A case that becomes moot at any point during the proceedings is no longer a case or controversy for purposes of Article III and is outside the jurisdiction of the federal courts. *Sanchez-Gomez*, 138 S.Ct. at 1537. *See also Rosales-Garcia v. Holland*, 238 F.3d 704, 713 (6th Cir. 2001) ("A case is deemed moot if the relief sought would make no difference to the legal interests of the parties.").

A case or controversy that is no longer active can overcome the mootness doctrine only where "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 148, 46 L. Ed. 2d 350, 96 S. Ct. 347 (1975). Furthermore, "it is well settled that 'a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.' . . . 'If it did, the courts would be compelled to leave the defendant . . . free to return to his old ways.'" *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189, 145 L. Ed. 2d 610, 120 S. Ct. 693 (2000) (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289, 71 L. Ed. 2d 152, 102 S. Ct. 1070 & n.10, 455 U.S. 283, 71 L. Ed. 2d 152, 102 S. Ct. 1070 (1982)).

In determining whether a defendant's voluntary cessation of a challenged practice moots a case, the Supreme Court has established the following: "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* at 189. Additionally, "cessation of the allegedly illegal conduct by government officials has been treated with more solicitude by the courts than similar

5

action by private parties." *Mosley v. Hairston*, 920 F.2d 409, 415 (6th Cir. 1990) (quoting 13A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3533.7 (2d ed. 1984)).

**C. The Case at Bar**

In the instant case, Plaintiff primarily seeks injunctive relief which would require Defendant to re-calculate and restore his sentence reduction credits which were allegedly awarded and then removed. Docket No. 1, p. 20. On February 29, 2024, Plaintiff notified the Court that he "was released from his term of incarceration" on February 16, 2024. Docket No. 17, p. 1. As confirmed by public records available online,[1] Plaintiff is currently on Parole and has completed his sentence, so there is no longer an active controversy.

In his response to Defendant's Motion to Dismiss, Plaintiff does not address exceptions to mootness doctrine, only arguing that the result of Defendant's actions was the loss of early release credits causing him to spend additional years incarcerated. *See* Docket No. 26, p. 4. While Plaintiff's pro se complaint is construed liberally, it does not require the Court to "conjure up unpleaded facts." *Grinter*, 532 F. 3d at 577. Additionally, because he was paroled following his conviction, Plaintiff's detention has been terminated given his release. *Cf. Rosales-Garcia v. Holland*, 322 F. 3d 386, 396 (6th Cir. 2003) (noting that an INS detainee's release did not constitute a termination of his detention because it could and had been revoked at will, unlike parole that is granted following incarceration for a criminal conviction). Given that there is no evidence that Plaintiff will again be subject to detention by Defendant, Plaintiff's case is not "capable of repetition, yet evading review," and the allegedly wrongful behavior cannot reasonably be expected to recur. *See id.* Consequently, Plaintiff lacks a legally cognizable

---

[1] *See* https://foil.app.tn.gov/foil (last visited June 10, 2024).

6

Case 3:23-cv-00649    Document 27    Filed 06/26/24    Page 6 of 7 PageID #: 138

interest in the outcome of this matter, and because his release on parole moots his request for injunctive relief, the court lacks subject matter jurisdiction to continue hearing this case.

### III. Conclusion

For the forgoing reasons, the undersigned recommends that Defendant's Motion to Dismiss (Docket No. 21) be GRANTED, and that Plaintiff's claims against Defendant be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72.

 

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**